UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RODDERICK SKINNER,

    Plaintiff,

v.                                            Case No. 3:22cv6063-LC-HTC

ESCAMBIA COUNTY JAIL,

    Defendant.
_____/

REPORT AND RECOMMENDATION

    Plaintiff, a pre-trial detainee proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 based on being "confined in a crowded inadequate unsanitary cell sleeping on the floor. . .",[1] while at the Escambia County Jail. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Because Plaintiff has failed to respond to this Court's orders requiring him to file a motion to proceed *in forma pauperis* or pay the filing fee, the undersigned respectfully recommends this case be dismissed

---

[1] This is the entirety of Plaintiff's statement of facts.

without prejudice for Plaintiff's failure to prosecute or comply with an order of the Court.

On or about May 9, 2022, the Court received Plaintiff's complaint, but it was not accompanied by a motion to proceed *in forma pauperis* or the filing fee. On May 11, 2022, the Court ordered Plaintiff to correct this deficiency within twenty-one (21) days. ECF Doc. 3. The Court advised Plaintiff his failure to follow the Court's orders could result in a recommendation that this case be dismissed. *Id*. Nonetheless, Plaintiff did not respond to the Court's order. Thus, on June 7, 2022, the Court gave Plaintiff fourteen (14) days to show cause why his case should not be dismissed for his failure to prosecute or comply with Court orders. ECF Doc. 4. The time to respond to the Court's show cause order has passed without a response from Plaintiff.

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980). Indeed, a "court may dismiss an action *sua sponte* under [Federal Rule of Civil

Procedure 41(b)] for failure to prosecute or failure to obey a court order." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citations omitted).

Also, under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)).  A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is respectfully RECOMMENDED:

1.This case be DISMISSED WITHOUT PREJUDICE due to Plaintiff's failure to comply with Court orders and failure to prosecute.

2.The clerk be directed to close the file.

At Pensacola, Florida, this 29th day of June, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:22cv6063-LC-HTC

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.